68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafaela SOBALVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70072.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafaela Sobalvarro, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge (IJ), denying her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA explicitly stated that it was adopting the reasoning of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir. 1995). The IJ's denial of asylum is reviewed for abuse of discretion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). The denial of withholding of deportation and the IJ's factual determinations are reviewed for substantial evidence. Id.
 
 
 4
 Under Section 208(a) of the INA, the Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his or her native country because of past persecution or a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993). To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Id. The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988) (per curiam)).
 
 
 5
 Sobalvarro testified that she left Nicaragua in May, 1989 because she was being persecuted by the Sandinistas. She claimed that after her sister was killed by the Sandinistas in 1985, she was threatened by the Sandinistas, and her families' food ration card was confiscated.
 
 
 6
 The IJ's finding that Sobalvarro failed to establish a well-founded fear of future persecution is supported by substantial evidence. Sobalvarro failed to provide specific examples to support her conclusory allegations that she was persecuted. The lack of specifics in her testimony supports the finding that her fear was not reasonable. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir. 1994) (noting that applicant must establish reasonable fear through credible, direct and specific evidence). Although Sobalvarro stated that she fears she will suffer the same fate as her sister, who was killed as a Contra collaborator in 1985, she continued to live in Nicaragua for four years after her sister was killed without ever being detained or physically harmed by the Sandinistas. Finally, the IJ's finding is supported by the fact that in 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinistas party.[1]
 
 
 7
 Sobalvarro argues that even if there is no risk of future persecution, the IJ erred by denying her asylum on the basis of past persecution. While past persecution alone can be sufficient, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int. Dec. 3104 at 4 (BIA 1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir. 1988). The IJ did not err by finding that Sobalvarro failed to establish that she had suffered forms of "atrocious" past persecution warranting discretionary grant of asylum. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir. 1995).
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Sobalvarro has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Sobalvarro argues that the IJ improperly took administrative notice of the changed political circumstances in Nicaragua. This argument has no merit because it was Sobalvarro who first raised the issue, and she had the opportunity to submit evidence in support of her claim that the risk of persecution continues despite the Sandinista electoral defeat in 1990. See Acewicz, 984 F.2d at 1060-61